Irene Karbelashvili, Esq. (SBN 232223)
Irakli Karbelashvili, Esq. (SBN 302971)
AllAccess Law Group
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

*Attorneys for Plaintiff Vu Nguyen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VU NGUYEN,<br><br>                  Plaintiff,<br><br>        vs.<br><br>TAM M. BUI, MD, INC., a California professional corporation; FOUNTAIN VALLEY REGIONAL HOSPITAL AND MEDICAL CENTER, a California corporation; and DOES 1-10,<br><br>                  Defendants | Case No. 24-cv-499<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES:**<br><br>1. Violation of Title III of the Americans with Disabilities Act;<br>2. Violation of the Unruh Civil Rights Act;<br>3. Violation of California Government Code Section 11135;<br>4. Violation of Section 504 of Rehabilitation Act; |

1
COMPLAINT
*NGUYEN V. TAM M. BUI, MD, INC., ET AL.,*

5. Violation of Section 1557 of the Patient Protection and Affordable Care Act; and

6. Violation of the California Disabled Persons Act

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This is a civil rights action for discrimination based on disability. Accordingly, Plaintiff VU NGUYEN seeks injunctive and declaratory relief, damages, attorney's fees, costs, and litigation expenses pursuant to the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of Rehabilitation Act ("RA"); Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), California Unruh Civil Rights Act, Section 11135 of the California Government Code and the California Disabled Persons Act against Defendants TAM M. BUI, MD, INC., a California professional corporation; FOUNTAIN VALLEY REGIONAL HOSPITAL AND MEDICAL CENTER, a California corporation; and DOES 1-10, the owners and operators of a medical facility located at 11180 Warner Ave #459 Fountain Valley, CA 92708 ("Medical Facility")

## JURISDICTION

2. This Court jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of federal law and supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The real property which is the subject of this action is in this district, and Plaintiff's causes of action arose in this district.

## PARTIES

4. In February 2023, Plaintiff Vu Nguyen ("Plaintiff" or "Mr. Nguyen") suffered Hemorrhagic Stroke. The stroke resulted in many significant physical challenges, including paralysis of Mr. Nguyen's right side, a constricted field of vision, and impairments in both speech and respiratory functions. The severity of the stroke has rendered Mr. Nguyen largely confined to his bed, necessitating the

1. use of a wheelchair for any form of mobility. This drastic change in his condition has left him heavily reliant on the assistance of others for his daily care, health, and safety needs. Plaintiff is a resident of Garden Grove, California. At all times relevant to this Complaint, he is qualified as a "person with a disability" within the meaning of the ADA and California law. Mr. Nguyen has been issued a California state placard for disabled parking, entitling him to park in a properly configured disabled accessible parking space.

5. TAM M. BUI, MD, INC. is a California professional corporation with its primary place of business in Fountain Valley, California. At all times relevant to this Complaint, Defendant TAM M. BUI, MD, INC. was and is a provider of healthcare services in Orange County, and was and is the owner, operator, lessor, and lessee of the businesses, properties, facilities, and/or portions thereof located at 11180 Warner Ave in Fountain Valley, California. Upon information and belief, based upon available public records, TAM M. BUI, MD, INC. was incorporated by Tam M. Bui, MD in 2003.

6. Defendant FOUNTAIN VALLEY REGIONAL HOSPITAL AND MEDICAL CENTER is a California corporation with its primary place of business in Fountain Valley, California. At all times relevant to this complaint, FOUNTAIN VALLEY REGIONAL HOSPITAL AND MEDICAL CENTER was and is the owner, operator, lessor, and lessee of the businesses, properties, facilities, and/or portions therefore located at 11180 Warner Ave in Fountain Valley, California.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1-10 are unknown to Plaintiff, who therefore sues said Doe defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe defendants is in some manner legally responsible for the events and happenings herein referred to, which caused injury and damages to Plaintiff as herein alleged. Plaintiff prays for leave of

Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Plaintiff is informed and believes that each of the Defendants herein is the agent, servant, employee, and/or representative of each of the other Defendants and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein. All actions alleged herein were done with the knowledge, consent, approval, and ratification of each of the Defendants here, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

9. The Medical Facility, including, but not limited to, its designated accessible parking facilities, paths of travel, entrances, and procedures are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the ADA (42 U.S.C. § 12181(7)(F)), and of California Civil Code §§ 51 *et seq*.

10. Dr. Pin-Hung Hsieh, MD, overseeing Vu Nguyen's care, recommended a consultation with a specialist, Dr. Tam M. Bui, MD, to evaluate the Tracheostomy (Trach) inserted in Mr. Nguyen's throat since March 2023. Cindy, the social worker at the New Orange Hill subacute rehab facility, secured authorization approval and arranged an in-network appointment for July 10, 2023, at 2:30 PM with Dr. Bui at the Medical Facility. A week prior to the appointment, Mr. Nguyen's sister was informed by Cindy that family members are welcome to accompany Mr. Nguyen during his visit.

11. On July 10, 2023, AmbuCare services transported Plaintiff to the Medical Facility. Alice, an RT CNA from the New Orange Hill facility, accompanied

Plaintiff to the Medical Facility, ensuring an oxygen tank and additional medical equipment were on hand for any emergencies.

12. Plaintiff arrived at the Medical Facility around 2:20 p.m. and was joined in the parking lot by his sister, Annie Nguyen, and his son, Alex Nguyen. Alex maneuvered Plaintiff's wheelchair from the parking area along the path leading to the Medical Facility's entrance. The pathway had excessive slopes, posing challenges to safe navigation.

13. At approximately 2:30 p.m., Plaintiff reached Dr. Bui's office, located on the fourth floor. Upon entering the waiting lobby, Plaintiff's family members navigated the wheelchair towards the reception desk, which proved to be too high and lacked the necessary depth for Plaintiff to independently check in. Consequently, Plaintiff's sister undertook the check-in process on his behalf.

14. During this process, office staff requested Plaintiff's physical ID and a health insurance card. Plaintiff's sister explained that due to Plaintiff's prolonged hospitalization and stay at a subacute rehab facility following a stroke, he did not physically possess the requested documents. She also communicated Plaintiff's inability to remain seated upright in his wheelchair for extended periods, underscoring the urgency of seeing Dr. Bui without delay. Alice, the nurse from the rehab facility accompanying Plaintiff, provided a printed summary of Plaintiff's medical information that was sent from the rehab facility to Dr. Bui's office in advance. Despite these efforts, the receptionist refused to check Plaintiff in citing a lack of the requested documents.

15. The situation escalated when the office manager, Allison Nguyen, was called to address the issue. Plaintiff's sister reiterated the circumstances and displayed a digital image of Plaintiff's driver's license and his medical record number on her phone. She requested a reasonable modification of office policy regarding physical identification and medical cards, highlighting Plaintiff's

disability and immediate needs. Plaintiff's sister proposed that she be allowed to take Plaintiff to see Dr. Bui immediately, offering to return with the physical documents shortly thereafter. Allison swiftly declined, refused service, and gestured towards the exit, instructing Plaintiff's son to move him outside, claiming the wheelchair blocked access to the counter. She insisted that for Plaintiff to be seen by Dr. Bui, he must present physical forms of identification, a medical card, and the original health insurance approval letter. Allison advised emailing Plaintiff's photo ID to tombuimd@yahoo.com but stressed the need for physical documents to bill the medical insurance.

16. At 2:35 p.m., after sending the photo ID to the provided email, Plaintiff's sister departed to pick up the physical documents at Plaintiff's home. Meanwhile, Plaintiff, assisted by his son and Alice, was left outside the office, with no staff checking on them or offering assistance.

17. Around 2:50 p.m., Plaintiff's sister reached Plaintiff's home, collected the necessary documents, and emailed them as requested.

18. Shortly thereafter, Plaintiff's condition deteriorated; he exhibited signs of anxiety, sweating, paleness, and difficulty breathing, leading to an anxiety attack and loss of consciousness. Alice urgently contacted a transportation service for immediate medical intervention. Subsequently, Plaintiff was transported back to the rehab facility, where he remained unconscious for a duration of four hours.

19. Upon returning to the Medical Facility and finding that Plaintiff had already left, Plaintiff's sister presented the requested physical documents to Dr. Bui's staff and requested a conversation with Allison, the office manager. The staff, without reviewing the documents, informed her that Allison had already finished for the day. Frustrated, Plaintiff's sister expressed to the staff that they were acting cruelly by discriminating against a patient with disabilities, which contributed to further injury. Dr. Bui, having overheard the conversation, whispered something to his

staff but did not engage with Plaintiff's sister directly. The staff then explained that their conduct was in alignment with the office's policies and procedures, intended to ensure that they would be compensated. They also stated that it was the responsibility of the patient's family member to accommodate him and to furnish all necessary documentation in instances where the patient is incapacitated.

20. On July 11, 2023, Plaintiff's sister revisited the Medical Facility intending to speak with Allison. She was informed that Allison had already left for the day. Following this, Plaintiff's sister filed a grievance with the health insurance on behalf of Plaintiff, detailing the events of July 10, 2023. In response to the grievance, Dr. Bui acknowledged that his examination room was not accessible to Plaintiff, citing the absence of flat exam tables that would allow Plaintiff to recline.

21. Plaintiff intends to return to the Medical Facility for treatment from Dr. Bui, who was referred by their insurance provider. It is based on Plaintiff's knowledge that Dr. Bui is the nearest doctor referred by the insurance capable of providing the necessary treatment.

22. Plaintiff's goal in this suit is to make the Medical Facility accessible and free of policy and architectural barriers.

23. Before filing this lawsuit, Plaintiff's inspector did an informal investigation of the Medical Facility confirming the encountered architectural barriers and identified additional barriers to access: (1) Exterior concrete seating in the "rest" or "outdoor break area" is not wheelchair accessible because seating is blocked by a garbage can and tables have inadequate toe clearance; (2) Some designated accessible parking spaces have excessive slopes; (3) Entrance from rear of the building has a ramp leading from driving lane to the door with excessive slopes; (4) Elevator cars lack necessary depth; (5) The highest operable buttons in the elevator are out of reach; and (6) Entrance/exit door operating pressure for Dr. Bui's office exceeds the regulatory limit.

24. Plaintiff seeks an injunction to protect the rights of disabled persons, including Plaintiff, under federal and state law. Plaintiff also seeks an award of statutory damages, compensatory damages, treble damages, punitive damages, and an award of statutory attorney fees, litigation expenses and costs.

## FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE III OF THE ADA
### [42 U.S.C. § 12181, *et seq.*]

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

26. Plaintiff is a "qualified individual with a disability" for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities. Plaintiff has impairments that substantially limit one or more major life activities.

27. "Private entities" that are "public accommodations" under the ADA include a "professional office of a health care provider, hospital, or other service establishment," such as the Medical Facility. *See* 42 U.S.C. § 12181(7)(F).

28. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to that afforded to people without disabilities by not providing an accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at the Medical Facility) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; (c) failing to take steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise

treated differently than other individuals because of the absence of auxiliary aids and services; (d) failing to construct the Medical Facility in compliance with applicable federal standards for accessibility; (e) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (f) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

29. Here, ability safely use an accessible path of travel and check-in for an appointment by using the check-in counter is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at the Medical Facility on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice that are presumed to be readily achievable to remove.

30. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

31. On information and belief, Defendants have continued to violate the law. If Defendants do not make necessary modifications in policies, practices, or procedures, and do not remove the architectural barriers, Plaintiff will be harmed again.

32. Pursuant to section 42 U.S.C. 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of

disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below:

## SECOND CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
**[California Civil Code Section 51, *et seq.*]**

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

34. At all relevant times to this Complaint, Defendants were and are the owners, operators, lessors, and lessee of the Medical Facility, a business establishment within the meaning of the Unruh Act.

35. Defendants have violated the Unruh Act by their acts and omissions including, but not limited to:

   a. Failing to provide accessible features at the Medical Facility for Mr. Nguyen and others with similar mobility disabilities;

   b. Failing to construct, alter, and/or maintain the Medical Facility in compliance with state building code and state architectural requirements;

   c. Failing to modify their policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services;

   d. Failing to maintain existing accessible features, policies, and procedures;

   e. Violation of the ADA, a violation of which is a violation of the Unruh Act. Civil Code § 51(f).

36. As a result of Defendants' and their agents' acts and omissions, Plaintiff has experienced numerous barriers to access at the Medical Facility and its related facilities/premises, all of which have caused him major frustration, embarrassment,

feelings of inadequacy, difficulty, apprehension of injury, and/or other injuries because of the discrimination he experienced and other unlawful acts of the Defendants.

37. Upon information and belief, the Medical Facility is also illegally inaccessible in multiple other respects. Upon further investigation and through the discovery process, Plaintiff will establish that these barriers relate to his disabilities and will prohibit him from accessing the subject facilities in the future.

38. With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: before the construction of or alteration of the subject premises, they were aware of and/or were made aware of their duties to refrain from establishing or creating discriminatory policies and physical barriers that prevent persons with mobility disabilities from obtaining full and equal access to the subject premises and its accommodations. Plaintiff has complained to Defendants and requested that he be provided full and equal access during future visits, to no avail. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

39. Plaintiff's injuries are ongoing and will continue so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other people with mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below:

### THIRD CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately replead.

41. Upon information and belief, the Medical Facility receives financial assistance from the State of California. Plaintiff is a person with a disability under

1. California Government Code Section 11135.

42. The Medical Facility denied Plaintiff full access to the benefits of its programs, activities, services, and accommodations for which the Medical Facility receives financial assistance from the State of California, and unlawfully subjected Plaintiff and other persons with disabilities to discrimination under California Government Code Section 11135(a) based on their disabilities.

43. Plaintiff's injuries are ongoing so long as the Medical Facility does not remove barriers, modify its policies and procedures, and provide fully accessible facilities to Mr. Nguyen and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below:

## FOURTH CAUSE OF ACTION:
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
## [29 U.S.C. § 794]

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporate them herein as if separately repled.

45. At all times relevant to this action, the Section 504 of Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 794, was in full force and effect and applied to the Defendants' conduct.

46. At all times relevant to this action, the United States Department of Justice ("DOJ") regulations implementing the Rehabilitation Act were in full force and effect and applied to the Defendants' conduct.

47. At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of walking and standing within the meaning of the Rehabilitation Act regulations, 45 C.F.R. § 84.3(j). Accordingly, he is a qualified individual with a disability as defined in the Rehabilitation Act. 29 U.S.C. § 705(9).

48. Upon information and belief, at all times relevant to this action, Defendants and the Medical Facility received federal financial assistance and were therefore programs or activities receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

49. As recipients of federal funds, Defendants cannot exclude Plaintiff from participation in, deny Plaintiff the benefits of, or subject Plaintiff to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794. Defendants are also required to reasonably accommodate persons with disabilities in their facilities, programs, services, and activities and "afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

50. As set forth above, Defendants have discriminated against Plaintiff on the basis of his disability by denying Plaintiff meaningful access to the services, programs, activities, benefits, and facilities the Defendants offer to other individuals.

51. Plaintiff's injuries are ongoing so long as the Defendants do not modify their policies and procedures and provide meaningful access to services, programs, activities, benefits, and facilities at the Medical Facility to Plaintiff and other persons with similar mobility disabilities.

## FIFTH CAUSE OF ACTION:
## VIOLATION OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT
## [42 U.S.C. § 18116]

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and

incorporates them herein as if separately repled.

53. At all times relevant to this action, the ACA has been in full force and effect and has applied to Defendants' conduct.

54. At all times relevant to this action, the ACA incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

55. At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of walking and standing and has been an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and the ACA, 42 U.S.C. § 18116.

56. At all times relevant to this action, Defendants received federal financial assistance, including Medicare and/or Medicaid reimbursements, and have been principally engaged in the business of providing health care. Therefore, Defendants are health programs or activities receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

57. Pursuant to the ACA, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. § 18116.

58. Federal regulations implementing the ACA provide the following purpose: "[p]rohibiting discrimination under any health program or activity receiving Federal financial assistance…on the grounds of…disability…" 45 C.F.R.§ 92.1.

59. Federal regulations implementing the ACA provide that "[e]ach facility or part of a facility in which health programs or activities are conducted that is constructed or altered by or on behalf of, or for the use of, a recipient or State Exchange shall comply with 2010 Standards, if the construction or alteration was

commenced after July 18, 2016…"45 C.F.R.§ 92.103(a).

60.  As set forth above, Defendants discriminated against Plaintiff on the basis of his disabilities, in violation of the ACA and its implementing regulations.

61.  As set forth above, Defendants discriminated and continue to discriminate against Plaintiff solely on the basis of his disabilities, denying him meaningful access to the services, program, and benefits that the Medical Facility offers to other individuals, by failing to comply with architectural accessibility standards in violation of the ACA, 42 U.S.C. § 18116.

62.  Defendants discriminated against Plaintiff by failing to comply with architectural accessibility standards at the Medical Facility.

63.  Defendants have failed to comply with accessibility standards for buildings and facilities and have not implemented policies, procedures, and practices to identify, remediate, and/or remove architectural barriers to access at the Medical Facility, and have denied reasonable accommodations in violation ACA. As set out above, absent injunctive relief, there is a clear risk that Defendants' actions will recur again with Plaintiff and other disabled patients and visitors to the Medical Facility.

64.  Plaintiff is therefore entitled to injunctive relief; attorney's fees, costs, and disbursements; and compensatory damages for the injuries and loss he sustained as a result of Defendants' discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

### SIXTH CAUSE OF ACTION:
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civ. Code § 54 *et seq.*]
### (Against all Defendants and Each of Them)

65.  Plaintiff repleads and incorporates by reference, as if fully set forth

hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

66. The subject facilities are a place of public accommodation and/or places to which the public is invited and, as such, they are obligated to comply with the provisions of the Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

67. The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

68. The CDPA also guarantees, among other things, that persons with disabilities are entitled to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

69. Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, at the Gas Station due to his disability.

70. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action, *infra,* the contents of which are repled and incorporated here, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages under California law.

71. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action, *infra*, the contents of which are repled and incorporated here, word for word, as if separately repled), also constitutes a separate and distinct violation of Civil Code § 54.1(d), thus independently justifying an award of damages under California law.

72. For each offense of the CDPA, Plaintiff seeks actual damages (both general and special damages), and not less than the statutory minimum damages of one thousand dollars ($1,000) for each offense.[1]

**PRAYER FOR RELIEF**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants:

2. Issue a declaratory judgment that Defendants' actions, omissions, and failures violate and continue to violate the law, including, but not limited to, the following: failing to construct and/or alter the subject premises in compliance with applicable federal and state access regulations/codes/requirements, failing to remove access barriers where "readily achievable," failing to make reasonable modifications in policy and practice for Plaintiff;

3. Issue a preliminary and permanent injunction enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:[2]

---

[1] Plaintiff does not allege a violation of Civil Code § 55 and does not seek any relief under Civil Code § 55.

[2] Plaintiff does not seek an injunction under California Civil Code § 55.

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable modifications in policies and practices for persons with mobility disabilities to ensure access to all services, facilities, and accommodations at the Medical Facility;

    c. To modify the Medical Facility and related facilities to provide full and equal access to persons with mobility disabilities, including removal of all barriers that violate applicable federal and state access regulations, codes, and requirements;

    d. To maintain such accessible features once they are provided;

    e. To train Defendants' employees and agents on how to accommodate the rights and needs of mobility disabled persons; and

    f. To implement nondiscrimination protocols, policies, and practices to ensure full and equal access for persons with mobility disabilities;

4. Retain jurisdiction over the Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts, omissions, failure to maintain accessible public facilities as complained of herein no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, treble damages, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

6. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

7. Award pre- and post-judgment interest as permitted by law; and

8. Grant any other relief that this Court may deem just and proper.

Dated: March 7, 2024                    ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
BY: IRAKLI KARBELASHVILI
Attorneys for Plaintiff Vu Nguyen

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: March 7, 2024                    ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
BY: IRAKLI KARBELASHVILI
Attorneys for Plaintiff Vu Nguyen